UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |
|---|---|
| JONATHAN L. MOORE, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | C.A. No. 11-483M |
| ) | |
| ASHBEL T. WALL, II., et al. ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

JOHN J. McCONNELL, JR., United States District Judge.

Before the Court are several motions seeking dismissal and/or summary judgment of Plaintiff Jonathan L. Moore's lawsuit against several individuals, including staff at the Adult Corrections Institute ("ACI") and members of the Rhode Island Parole Board ("Parole Board"). Mr. Moore, filing *pro se*, has moved for summary judgment under Rule 56 of the Federal Rules of Civil Procedure (ECF No. 25). Eight of the eleven Defendants have moved to dismiss Mr. Moore's complaint, specifically Ashbel T. Wall (ECF No. 18), Robert M. McCutcheon and Nicole Kettelle (ECF No. 48), and Kenneth R. Walker, Thomas Verdi, Nicole Garcia-Ponte, Herbert DeSimone, and Victoria Almeida (ECF No. 15.) Defendants Peter Loss, Officer Lavallee, and Officer Spiver have opposed Mr. Moore's motion for summary judgment. (ECF No. 28.) Mr. Moore has also filed a motion to strike (ECF No. 23), two motions for preliminary injunction (ECF Nos. 11 and 33), a motion for relief from a judgment or order (ECF No. 41),[1] and a motion to appoint counsel. (ECF No. 49.) Additionally, Mr. Moore has filed several

---

[1] In this motion, Mr. Moore seeks reconsideration of this Court's order denying his request for a three judge panel. *See* January 4, 2012 Text Order.

affidavits during this lengthy and prolific briefing process in support of his complaint and various motions. (ECF Nos. 47, 51, 52, 54, 57, 58, 59, 60.) The Court considers this matter fully briefed and now will render its decision.

I. FACTS

Mr. Moore is a prisoner in medium security at the ACI, serving concurrent sentences totaling thirteen years after having been convicted in the R.I. Superior Court of first degree child molestation. His sentence began on May 11, 2007.

In January 2011, Mr. Moore became eligible for parole.[2] At the time, he was enrolled in the ACI's Sex Offender Treatment Program ("SOTP"). Program director, Peter Loss indicated in his report to the Parole Board that Mr. Moore was meeting program expectations. (ECF No. 30-2.) On January 19, 2011, Mr. Moore went before the Parole Board for his first parole hearing and was denied parole based on "the many sentences Mr. Moore is serving concurrently, the most serious being a sex offense." (ECF No. 1-1 at 6.) This denial was the catalyst for Mr. Moore's grievances in this case.

On March 28, 2011, Mr. Moore filed a grievance against the Parole Board and Ms. Kettelle for violating his due process rights, presumably for denying him parole. (ECF No. 1-1 at 7.) On May 17, 2011, Mr. Moore filed a grievance against Officers Lavallee and Spiver for searching his cell and stealing papers. (ECF No. 1-1 at 5.)

Mr. Loss suspended Mr. Moore from the SOTP for four months beginning May 25, 2011 (by letter dated May 31, 2011) due to his "loud and public intimidation of another SOTP participant" and because he had filed frivolous grievances against ACI staff in violation of Mr. Loss' treatment advice. (ECF No. 1-1 at 9-10.) Mr. Moore filed additional grievances

---

[2] See R.I. Gen. Laws § 13-8-10(a)

against Mr. Loss on May 26, 2011 (ECF No. 1-1 at 11) and on July 14, 2011. (ECF No. 1-1 at 12.) He also filed a grievance against Officers Lavallee and Spiver on August 5, 2011. (ECF No. 1-1 at 13.)[3] All of these grievances relate to the Parole Board's denial of parole, the Officers' unlawful search and seizure, and Mr. Loss' decision to suspend Mr. Moore from the SOTP. Mr. McCutcheon responded to his grievances in July, August, and September 2011 and Mr. Wall responded to all of his grievances on August 9, 2011. (ECF No. 1 at 7-8.)

Mr. Moore then filed this lawsuit on October 21, 2011 in order to challenge his treatment by the Parole Board, Mr. Loss, Mr. Wall and other ACI staff, and Officers Lavallee and Spiver. Mr. Moore requests, among other things, one million dollars in damages and release from prison. (ECF No. 1-10.) While the search and seizure from his cell and suspension from the SOTP are issues before the Court on these motions, this lawsuit primarily challenges the procedures the Parole Board used in considering Mr. Moore's parole application and the ACI staff's agreement with those procedures based on federal constitutional grounds.

## II. STANDARD OF REVIEW

In reviewing a motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court accepts as true the well-pleaded factual allegations of the complaint and draws all reasonable inferences in favor of the plaintiff. *Cook v. Gates*, 528 F.3d 42, 48 (1st Cir. 2008); *McCloskey v. Mueller*, 446 F.3d 262, 266 (1st Cir. 2006). To withstand "a motion to dismiss, a complaint must allege 'a plausible entitlement to relief.'" *ACA Fin. Guar. Corp. v.*

---

[3] Mr. Moore's grievances against the Parole Board and Officers Lavallee and Spiver were denied. (*See* ECF No. 1-1 at 15, 17.) As to his grievance against Mr. Loss, Mr. Moore complained that his suspension deprived him of a liberty interest in parole and was in retaliation for filing grievances. Mr. McCutcheon acknowledged that Mr. Moore had a right to file relevant grievances and granted his grievance on that ground. He did not, however, require Mr. Loss to reinstate Mr. Moore to the SOTP and reiterated Mr. Loss' instruction that Mr. Moore should refrain from filing frivolous grievances. *Id.* at 16.

*Advest, Inc.*, 512 F.3d 46, 58 (1st Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1967-69 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678-87 (2009). "[A] plaintiff . . . is . . . required to set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir. 1988).

Moreover, the "tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). While accepting the facts as alleged in the complaint as true, "this deferential standard does not force [a] court to swallow the plaintiff's invective hook, line, and sinker; bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like need not be credited." *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996).

Because Mr. Moore is *pro se*, the Court views his pleadings liberally. The Court is "solicitous of the obstacles that pro se litigants face, and while such litigants are not exempt from procedural rules, [the Court] hold[s] pro se pleadings to less demanding standards than those drafted by lawyers and endeavor[s], within reasonable limits, to guard against the loss of pro se claims due to technical defects." *Dutil v. Murphy*, 550 F.3d 154, 158-59 (1st Cir. 2008) (citing *Boivin v. Black*, 225 F.3d 36, 43 (1st Cir. 2000)).

## III. ANALYSIS

As an initial matter, Mr. Moore filed a Motion to Strike the Defendants' Motions to Dismiss on the ground that they "should be deemed insufficient and scandalous" because they failed to object to evidence Mr. Moore appended to his Complaint, citing various rules of the Federal Rules of Evidence. (ECF No. 23 at 4.) The Court finds that Mr. Moore has stated absolutely no basis for Defendants' motions to be stricken and, thus declines to do so. Mr. Moore's Motion to Strike is DENIED.

The Court will now address the remaining motions in terms of Mr. Moore's claims regarding his parole denial, suspension from the SOTP, and alleged search and seizure from his ACI cell.

### A. Motions to Dismiss Based on Claims for Parole Issues

Mr. Moore brings this action pursuant to R.I. Gen. Laws § 13-8-10(a)[4] and 28 U.S.C. § 1983.[5] Turning to his state statutory claim, the statute at issue states:

> Prisoners subject to more than one sentence – (a) If a prisoner is confined upon more than one sentence, a parole permit may be issued whenever he or she has served a term equal to one-third (1/3) of the aggregate time which he or she shall be liable to serve under his or her several sentences, unless he or she has been sentenced to serve two (2) or more terms concurrently, in which case the permit shall be issued when he or she has served a term equal to one-third (1/3) of the maximum term he or she is required to serve.

---

[4] Mr. Moore's state statutory claim appears to be only against the Parole Board members. His § 1983 claim relating to parole covers Mr. Wall, Mr. Loss, Ms. Kettelle, and Mr. McCutcheon for their alleged conduct in effecting his parole denial.

[5] Mr. Moore has filed six complaints in this court within the last two years incident to his present incarceration: C.A. Nos. 09-434 and 09-452 (consolidated cases dismissed); C.A. No. 09-543 (dismissed); C.A. No. 10-049 (dismissed and appeal denied); C.A. No. 11-483 (the instant action); and C.A. No. 11-599 (dismissed).

Mr. Moore avers that Defendants violated the statute by denying his parole because the section above confers a mandatory, non-discretionary right to parole for prisoners serving concurrent sentences. This argument is easily dispatched. As the Parole Board argues in their motion to dismiss, the Rhode Island Supreme Court considered this very issue last year and rejected the prisoner's same position. In *Brown v. State*, 32 A.3d 901, 911 (R.I. 2011), the court reasoned that the position taken by the plaintiff herein

> advocated an interpretation of § 13-8-10(a) that would result in the mandatory parole of any prisoner serving concurrent sentences upon the completion of one-third of his or her maximum sentence. As we stated in *DeCiantis*, and as we emphasize now, such a reading of this provision ignores the discretion imparted upon the parole board throughout the parole statute as a whole and flouts the clear intent of the Legislature in enacting this statutory scheme.

*Id.*; *see also DeCiantis v. State*, 666 A.2d 410, 413 (R.I. 1995). Based on this precedent, the Court rejects Mr. Moore's interpretation of § 13-8-10(a) and dismisses his claims against the Parole Board that are based on that interpretation.

With regard to the § 1983 claim, Defendants raise a threshold question that the Court must decide before moving to the substance of Mr. Moore's claims, that is whether Mr. Moore's federal constitutional challenge to the Parole Board's decision can be brought under 28 U.S.C. § 1983 or must he first exhaust his state remedies as required by 28 U.S.C. § 2254.

The answer to this question is dispositive of Mr. Moore's case arising out of his parole denial. The Court finds that constitutional challenges to parole hearing decisions must be brought as a petition for habeas corpus pursuant to 28 U.S.C. § 2254, not § 1983. "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983." *Preiser v. Rodrigues*, 411 U.S. 475, 490 (1973). The United States Supreme Court further reasoned that:

> [W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.

*Id.* at 500; *see also Mattatall v. Rhode Island*, C.A. No. 07-234ML, 2009 WL 3514634, at *2 (D.R.I. 2009) (a "plaintiff cannot seek release or a speedier release from incarceration in a § 1983 action.").

The distinction between the applicability of these two statutes in these specific circumstances is important. If a state prisoner challenging the Parole Board's procedures or decision has a remedy under 28 U.S.C. § 1983, he or she would not be required to exhaust his state remedies first because that is not a prerequisite to filing a § 1983 action. *Heck v. Humphrey*, 512 U.S. 477, 480-81 (1994). If the challenge to parole must be brought pursuant to a petition for habeas relief under 28 U.S.C. § 2254, however, then a prisoner could not bring a federal challenge until he had exhausted his state remedies. *Preiser*, 411 U.S. at 477 ("If, on the other hand, habeas corpus is the exclusive federal remedy in these circumstances, then a plaintiff cannot seek the intervention of a federal court until he has first sought and been denied relief in state courts, if a state remedy is available and adequate.") Because Rhode Island's post-conviction remedy statute provides an available and adequate way for prisoners to raise objections to Parole Board proceedings, Mr. Moore must bring his challenge to the Parole Board's decision to state court first. R.I. Gen. Laws § 10-9.1-1(a)(5); *State v. Ouimette*, 367 A.2d 704, 705-06 (R.I. 1976) (an appeal of the Parole Board's decision should be raised pursuant to the state post-conviction relief statute).

Because "Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement," *Preiser* at 490, Mr. Moore's federal claims of constitutional violations arising from his parole denial therefore

must first be brought in state court pursuant to the state post-conviction relief statute. Once his state remedies are exhausted, and if he wants to challenge the state court's decisions in federal court, the correct avenue for federal relief is through a petition for habeas corpus. The claims relating to Mr. Moore's parole brought pursuant to 28 U.S.C. § 1983 must be dismissed[6] and, therefore, the motions to dismiss filed by the Parole Board and Mr. Wall, Mr. McCutcheon and Ms. Kettelle are GRANTED.[7]

### B. Mr. Moore's Claims Against Mr. Loss and Officers Lavallee and Spiver

For whatever reason, neither Mr. Loss nor Officers Lavallee and Spiver filed motions to dismiss Mr. Moore's claims. The Court, however, can dismiss claims sua sponte if it finds that no plausible relief can be granted. "The general rule is that 'in limited circumstances, sua sponte dismissals of complaints under Rule 12(b)(6) ... are appropriate,' but that 'such dismissals are erroneous unless the parties have been afforded notice and an opportunity to amend the complaint or otherwise respond.'" *Chute v. Walker*, 281 F.3d 314, 319 (1st Cir. 2002) (quoting *Futura Dev. of P.R., Inc. v. Estado Libre Asociado de P.R.*, 144 F.3d 7, 13-14 (1st Cir. 1998)). However, "[e]ven a *sua sponte* dismissal entered without prior notice to the plaintiff may be proper in relatively egregious circumstances." *Martinez-Rivera v. Sanchez Ramos*, 498 F.3d 3, 7 (1st Cir. 2007) (citing *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001)). "If

---

[6] Even if § 1983 was an appropriate means to seek redress for his parole issues, Mr. Moore's case would still be dismissed on other grounds. His damages claims against the Parole Board members would be dismissed because Parole Board members are protected by absolute immunity. *Johnson v. Rhode Island Parole Bd. Members*, 815 F.2d 5, 8 (1st Cir. 1987) ("parole board members are entitled to absolute immunity from liability for damages in a § 1983 action for actions taken within the proper scope of their official duties.").

[7] Mr. Loss did not file a motion to dismiss; however, because the Court has found that Mr. Moore's claims in this vein are not pled under the proper statute, any claims against Mr. Loss in this regard are dismissed on the same grounds.

it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile, then a sua sponte dismissal may stand." *Id.* Based on its extensive review of the submissions in this case, the Court finds this case and the claims against these three Defendants to contain such egregious circumstances.

### 1. Mr. Moore's Temporary Suspension from the SOTP

Mr. Moore raises a constitutional claim pursuant to 28 U.S.C. § 1983, alleging that because his participation in the SOTP is a prerequisite for parole qualification, his suspension from that program is an unconstitutional deprivation of his liberty interest in parole release. (ECF No. 1-1 at 9.) Mr. Moore further alleges that this suspension was in retaliation for exercising his First Amendment rights because one of the grounds Mr. Loss gave justifying the suspension was that Mr. Moore would not be reinstated to the SOTP as long as he continued to file "frivolous" grievances against ACI staff.[8] (ECF No. 1-1 at 10.) In opposing Mr. Moore's motion for summary judgment, Mr. Loss asserts that he has no liberty interest in participating in the SOTP, his temporary suspension did not interfere with his parole eligibility and was not in violation of Mr. Moore's First Amendment rights and finally, that Mr. Loss has qualified immunity from his claims.

Mr. Moore's first argument is entirely belied by the facts he presents in his own Complaint. Mr. Moore was an active participant in the SOTP when his application for parole was considered and it was Mr. Loss who reported that information to the Parole Board. (*See* ECF No. 30-2.) It is clear from the record that Mr. Loss had nothing to do with the Parole Board's decision to deny Mr. Moore parole. In fact, Mr. Loss' report could even be deemed a

---

[8] Mr. Moore does not appear to dispute the validity of the first ground for which he was suspended from the SOTP, loud and public intimidation of another SOTP participant.

favorable recommendation of Mr. Moore's progress, indicating that he "is an active member of his class, speaks his mind openly, and raises questions appropriately" and "has met program expectations thusfar [sic]." *Id.*

Mr. Moore's second allegation against Mr. Loss similarly fails. There is no question that prisoners should not be retaliated against for exercising their First Amendment right to file grievances against prison officials and staff. *See Hightower v. Vose*, 95 F.3d 1146, at *1 (1st Cir. 1996). However, "[b]ecause prisoner retaliation claims are 'easily fabricated[ ] and ... pose a substantial risk of unwarranted judicial intrusion into matters of general prison administration,' courts must insist that such claims are bound up in facts, not in the gossamer strands of speculation and surmise." *Harmon v. Beard*, 645 F.3d 45, 48 (1st Cir. 2011) (quoting *Bennett v. Goord*, 343 F.3d 133, 137 (2d Cir. 2003)). In order to prove a retaliation claim, a prisoner must prove that he engaged in constitutionally protected conduct, suffered an adverse action as a result of that conduct, and that there was a causal connection between the two. *Id.* In order to demonstrate causation, a prisoner must show that the retaliatory act would not have occurred "but for" his legal activities. *McDonald v. Hall*, 610 F.2d 16, 18 (1st Cir. 1979). While it is certain that Mr. Moore filed numerous grievances and he was temporarily suspended from the SOTP, his allegations as to causation between the grievances and suspension are so conclusory that the Court finds that he fails to state a claim against Mr. Loss.

The evidence submitted on summary judgment makes clear that Mr. Moore's suspension was based in part on his actions toward another program participant, which he has not disputed. (ECF No. 30-4 at 2.) Because Mr. Moore has failed to set forth any allegations or evidence showing that he would not have been suspended from the SOTP but for his grievances, his retaliation claim does not state a claim on which relief can be granted. In fact, the evidence

10

attached to his Complaint demonstrates that the opposite is true – Mr. Loss articulated a separate reason for suspending Mr. Moore that he does not dispute in his Complaint and other pleadings. It is crystal clear to the Court that Mr. Moore cannot prevail in his claims against Mr. Loss and as such, the Court sua sponte dismisses the remaining claims against Mr. Loss.[9]

### 2. Cell Search and Seizure by Officers Lavallee and Spiver

Mr. Moore claims that on March 17, 2011, Defendant Correctional Officers Lavallee and Spiver searched his cell in retaliation for interdepartmental grievances he filed. He also alleges that they stole a complaint containing legal claims that he was pursuing against them and the other individuals named in the complaint. This conduct, Mr. Moore claims, constitutes an interference with his access to the court as it delayed his filing a grievance against certain named defendants. (ECF No. 1 at 4.)

Prisoners have a constitutional right of access to the court that "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds v. Smith*, 430 U.S. 817, 828 (1977). To recover on this claim, however, a prisoner must demonstrate that he suffered an actual injury, such as the frustration of a nonfrivolous legal claim, as a result of the inadequacies in accessing legal assistance. *Lewis v. Casey*, 518 U.S. 343, 351–53 (1996). Allegations of an inability to "litigate effectively" are not sufficient to establish actual injury. *Id.* at 354.

The Court finds that Mr. Moore's claim fails because he has not shown actual injury. Mr. Moore has been given the opportunity to respond to every motion to dismiss, in most cases

---

[9] Moreover, Mr. Loss raises the additional legal hurdle of his own qualified immunity that Mr. Moore also cannot overcome.

raising his claims against Officers Lavallee and Spiver in his responses. It is unclear to the Court that any alleged delay in litigation or pursuit of grievances occurred. Mr. Moore avers in his Complaint that he did file "two separate grievances against all of the previously named defendants on March 17, 2011, and March 28, 2011" that is very close in time to the alleged search and seizure from his cell. (ECF No. 1 at 4-5.) Moreover, he was able to timely file this Complaint under § 1983 and the United States Constitution that included sufficient facts and attached supporting documentary evidence in support of his allegations. Mr. Moore has filed an affirmative motion for summary judgment that also addressed his claims against these two Defendants and advocated for judgment in his favor at this stage of the litigation. Additionally, Mr. Moore has filed numerous affidavits and supplementary memorandum pressing his arguments against each Defendant. Therefore, the Court finds that not only has there been no deprivation of access to the courts as evidenced by Mr. Moore's prolific litigation submissions, but also Mr. Moore had notice and an opportunity to be heard as to his claims against all Defendants in this case, including Officers Lavallee and Spiver. The Court, therefore, dismisses sua sponte all claims against Officers Lavallee and Spiver.

## IV. CONCLUSION

Mr. Moore's Motion to Strike (ECF No. 23) is DENIED. Mr. Moore's Motion for Summary Judgment (ECF No. 25) is DENIED. In light of the above analysis, Defendants Almeida, DeSimone, Garcia-Ponte, Verdi, Walker, Wall, Kettelle, and McCutcheon's Motions to Dismiss (ECF Nos. 15, 18, and 48) are GRANTED. Mr. Moore's claims against Mr. Loss and Officers Lavallee and Spiver are dismissed for failure to state a claim. Mr. Moore's remaining motions (ECF Nos. 11, 33, 41 and 49) are DENIED as moot. This case is therefore DISMISSED.

IT IS SO ORDERED.

*John J. McConnell, Jr.*
_____
John J. McConnell, Jr.
United States District Judge

July 17, 2012